O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA G. ROMO,<br><br>                    Plaintiff,<br><br>               v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>                    Respondent. | Case No. CV 15-2324-KES<br><br>MEMORANDUM OPINION<br>AND ORDER |

Plaintiff Maria G. Romo appeals the final decision of the Administrative Law Judge ("ALJ") denying her application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). For the reasons discussed below, the Court concludes that the ALJ gave clear and convincing reasons for discounting Plaintiff's credibility, and substantial evidence supports the ALJ's conclusion that Plaintiff could perform her past relevant work. The ALJ's decision is therefore AFFIRMED.

/ / /

/ / /

/ / /

# I.

## BACKGROUND

In August 2011, Plaintiff filed an application for SSI and DIB, initially alleging disability beginning in October 2010, but then changing the onset date to August 1, 2011, when she was 32 years old.  Administrative Record ("AR") 21, 164, 171.  She alleges she is unable to work due to severe low back pain that radiates down her left leg.  AR 42.

On August 5, 2013, an ALJ conducted a hearing, at which Plaintiff, who was represented by counsel, appeared and testified, as did a vocational expert ("VE") and medical expert ("ME").  AR 37-62.

On August 13, 2013, the ALJ issued a written decision denying Plaintiff's request for benefits.  AR 14-27.  The ALJ found that Plaintiff had the severe impairments of piriformis syndrome,[1] sciatica, low back strain and obesity.  AR 20.  Notwithstanding her impairments, the ALJ concluded that Plaintiff had the residual functional capacity ("RFC") to perform "light work" with the following additional exertional limitations:

> She is limited to lifting and/or carrying up to 20 pounds occasionally and up to 10 pounds frequently.  She is limited to standing, walking and/or sitting up to 6 hours in an 8-hour workday with normal breaks and with the ability to change position at will.  She could engage in occasional climbing of a

---

[1] According to Plaintiff's briefing, "The piriformis muscle starts at the lower spine and connects to the upper surface of each femur (thighbone).  It functions to assist in rotating the hip and turning the leg and foot outward.  It runs diagonally, with the sciatic nerve running vertically directly beneath it …."  Dkt. 19 at 3.  "Piriformis Syndrome is a neuromuscular disorder which occurs when the sciatic nerve is compressed or otherwise irritated by the piriformis muscles."  Id. at 2.  It causes sciatica pain, lower back pain and leg pain.  Id.

ramp and stairs, balancing, stooping, kneeling, crouching and crawling.  She should never climb ropes, ladders or scaffolds.  She is limited to occasional handling and gross manipulation with her left upper extremity but no restriction with fine manipulation.  AR 20.

Based on the VE's testimony, the ALJ found that Plaintiff could perform her past relevant work as an accounting clerk and security dispatcher.  AR 23, 93.  The ALJ thus found Plaintiff was not disabled.  Id.

## II.
## ISSUES PRESENTED

The parties dispute whether the ALJ erred in:

(1) discounting Plaintiff's testimony concerning the severity and limiting effects of her pain;

(2) failing to account in the RFC for Plaintiff's claimed inability to sustain work activities due to her pain; and

(3) finding that Plaintiff could perform her past relevant work.

## III.
## DISCUSSION

**A.**   **The ALJ Gave Clear and Convincing Reasons for Discounting Plaintiff's Credibility.**

Plaintiff contends that because of her pain, she "cannot work at all for at least a day a week."  Dkt. 19 at 4.[2]  Even on the other four days, she cannot work "for the entire day."  Id.  Rather, she would need to take frequent breaks, because she "cannot get around …for several hours" every other day.  Id. at 3; AR 42-43.

---

[2] The VE testified that if someone with Plaintiff's RFC were absent four days each month, that person would be unable to work.  AR 60.

3

Plaintiff contends that the ALJ erred in assessing her credibility concerning the limiting effects of her pain.  Dkt. 19 at 5-7.

### 1.   Applicable Law

An ALJ's assessment of symptom severity and claimant credibility is entitled to "great weight."  See Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1986).  "[T]he ALJ is not required to believe every allegation of disabling pain, or else disability benefits would be available for the asking, a result plainly contrary to 42 U.S.C. § 423(d)(5)(A)."  Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012) (internal quotation marks omitted).

In evaluating a claimant's subjective symptom testimony, the ALJ engages in a two-step analysis.  See Vasquez v. Astrue, 572 F.3d 586, 591 (9th Cir. 2009); Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007).  "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment [that] could reasonably be expected to produce the pain or other symptoms alleged."  Lingenfelter, 504 F.3d at 1036.  If so, the ALJ may not reject a claimant's testimony "simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged."  Smolen v. Chater, 80 F.3d 1273, 1282 (9th Cir. 1996).

Second, if the claimant meets the first test, the ALJ may discredit the claimant's subjective symptom testimony only if he makes specific findings that support the conclusion.  Berry v. Astrue, 622 F.3d 1228, 1234 (9th Cir. 2010).  Absent a finding or affirmative evidence of malingering, the ALJ must provide "clear and convincing" reasons for rejecting the claimant's testimony.  Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995); Ghanim v. Colvin, 763 F.3d 1154, 1163 & n.9 (9th Cir. 2014).  The ALJ must consider a claimant's work record, observations of medical providers and third parties with knowledge of

4

claimant's limitations, aggravating factors, functional restrictions caused by symptoms, effects of medication, and the claimant's daily activities.  Smolen, 80 F.3d at 1283-84 & n.8.  "Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis."  Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005).

The ALJ may also use ordinary techniques of credibility evaluation, such as considering the claimant's reputation for lying and inconsistencies in her statements or between her statements and her conduct.  Id. at 1284; Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002).  An ALJ may consider the fact that a claimant stopped working for reasons other than disability in assessing credibility.  Bruton v. Massanari, 268 F.3d 824, 828 (9th Cir. 2001).

### 2. Analysis

Following the two-step process outlined above, the ALJ found as follows:

> [A]fter careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision.

AR 21.

The ALJ gave two clear and convincing reasons for discounting Plaintiff's credibility:  (1) Plaintiff lied in her application about why she stopped working in August 2011, and (2) the lack of objective evidence (such as records of doctor visits or treatment for pain management) to support Plaintiff's testimony concerning the severity of her pain.  AR 22-23.

a.   <u>Plaintiff provided inconsistent explanations for why she</u>
<u>stopped working in August 2011</u>.

Plaintiff's application for benefits says, "I became unable to work
because of my disabling condition on August 1, 2011." AR 171. Plaintiff's
"Adult Function Report" says that she stopped working "Because of my
condition(s)." AR 201. Plaintiff confirmed at the hearing that she stopped
working on August 1, 2011. AR 40. She told one of her doctors, however,
that "she no longer worked [for HD Supply Repair and Remodel] because she
tested dirty for marijuana." AR 312. The doctor concluded, "Ms. Romo has
been out of work now since August 2011 but not due to her low back. She
states that this was due to marijuana use." AR 319.

When asked at the hearing, "If you were not fired from your job in
August of 2011 for smoking marijuana, would you still be working?" Plaintiff
answered, "I was going to get a medical leave. I was already getting ready to
… stop working." AR 48-49. In her briefing, Plaintiff repeats that she was
planning to take a medical leave when she was fired because she "could not do
the work." Dkt. 19 at 7. She also points out that marijuana is "most often
used to relax muscles and help relieve pain." <u>Id</u>. Thus, Plaintiff argues that
her representation that she left her former employment due to disability "does
not detract from her condition or credibility." <u>Id</u>.

As discussed above, an ALJ is entitled to rely on ordinary techniques of
credibility evaluation, such as considering inconsistencies in a claimant's
statements. An "ALJ's finding that a claimant generally lacked credibility is a
permissible basis to reject excess pain testimony." <u>Light v. Soc. Sec. Admin.</u>,
119 F.3d 789, 792 (9th Cir. 1997); <u>see also</u> <u>Fair v. Bowen</u>, 885 F.2d 597, 603
(9th Cir. 1989) ("If a claimant … is found to have been less than candid in
other aspects of his testimony, that may properly be taken into account in
determining whether his claim of disabling pain should be believed."); <u>Holland</u>

6

v. Colvin, 2015 U.S. Dist. LEXIS 63601 at *30 (E.D. Cal. May 13, 2015) (ALJ did not err in discounting the credibility of a claimant who testified he was laid off because pain caused excessive absenteeism but who told others he was laid off due to the slow economy).

Here, the record supports a finding of inconsistency between the reason Plaintiff claimed to have stopped working in her application and Adult Function Report and the reason why Plaintiff actually stopped working.  This inconsistency provides a clear and convincing reason for the ALJ to discount the credibility of Plaintiff's testimony concerning the severity and limiting effects of her pain.

> b.    Plaintiff failed to provide evidence of treatment in 2012-2013 consistent with her claims of disabling pain.

In assessing the claimant's credibility, the ALJ may also consider "unexplained or inadequately explained failure to seek treatment …."  Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008).  Here, the ALJ pointed out that "the objective evidence does not support the claimant's allegations of severity of pain and physical impairments and limitations."  AR 22.  The ALJ cited the fact that the record "only shows one visit to the doctor relating to her back pain in November 2012."  AR 22.

The ALJ correctly determined that the only records from 2012 unrelated to Plaintiff's workers' compensation claim[3] are from an emergency room visit

---

[3] Plaintiff filed a workers' compensation claim for injury caused by repetitive lifting, bending and stooping at her prior job.  AR 22.  She complained of low back pain radiating to her left leg and toes, but also of a throbbing in her left wrist, shoulder and arm.  AR 314.  In connection with that claim, she underwent a medical examination, and the doctor suspected left carpal tunnel syndrome.  AR 320.  With regard to her back pain, the doctor noted her prior employment involved "frequent lifting of up to 75 pounds" and he attributed her pain to this "cumulative trauma from her job," finding "no

dated November 29, 2012.  According to those records, "Patient reports left low back pain radiating to left ankle, intermittent over 2 weeks."  AR 249-50, 259.  She was diagnosed with "sciatica," prescribed Vicodin, and discharged with instructions to follow up with her primary care doctor, Dr. Diop.  Id. There are no records of a follow up visit to Dr. Diop.

Dr. Yashruti, the doctor who examined Plaintiff in connection with her workers' compensation claim in March 2012, stated that Plaintiff had received physical therapy and pain medication from July to October 2011, but "no additional treatment since then."  AR 319.  At the hearing in August 2013, Plaintiff confirmed that she was not presently receiving treatment for her pain, despite having MediCal insurance coverage, because she was waiting for a determination from the Social Security Administration.  AR 44.  She initially testified that she took Vicodin four times a week, but when asked how she obtains prescription pain medication without seeing a doctor, she stated that she uses ibuprofen.  AR 44-45.  She testified that her last physical therapy was two years before the hearing, in approximately 2011.  AR 49.

Given this testimony, the ALJ's finding that Plaintiff's failure to seek treatment was inconsistent with the claimed severity of her pain is supported by substantial evidence, and it provides another clear and convincing reason for discounting Plaintiff's testimony.

**B.**   **The ALJ Did Not Err In Formulating Plaintiff's RFC.**

Plaintiff contends that the RFC fails to account for Plaintiff's inability to sustain work activities (*i.e.*, she must miss at least four days of work each month and take breaks whenever "the muscle spasms and the pain hit").  Dkt. 19 at 4-5.

---

evidence of injury to her lumbar spine or the left wrist or any underlying condition contributing to her symptoms."  AR 320.

8

A district court must uphold an RFC assessment when the ALJ has applied the proper legal standard and substantial evidence in the record as a whole supports the decision.  Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005).  The ALJ must consider all the medical evidence in the record and "explain in [her] decision the weight given to … [the] opinions from treating sources, nontreating sources, and other nonexamining sources."  20 C.F.R. § 404.1527(e)(2)(ii); see also § 404.1545(a)(1); SSR 96-8p, 1996 WL 374184, at *2 (July 2, 1996).  In determining a claimant's RFC, the ALJ should consider those limitations for which there is support in the record, but the ALJ need not consider properly rejected evidence or subjective complaints.  Bayliss, 427 F.3d at 1217; Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1197 (9th Cir. 2004).  The Court must consider the ALJ's decision in the context of "the entire record as a whole," and if the "evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld."  Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1198 (9th Cir. 2008).

Here, the only evidence that Plaintiff would be frequently absent or off-task was Plaintiff's own testimony concerning the severity of her pain, which the ALJ properly discounted, as discussed above.  Having discounted Plaintiff's testimony, it was not error to formulate an RFC which failed to take into account Plaintiff's asserted need to miss at least four days of work each month and take frequent, unscheduled breaks.  Copeland v. Bowen, 861 F.2d 536, 541 (9th Cir.1988) (holding that RFC excluding subjective pain limitations was supported by substantial evidence when ALJ specifically discredited claimant's pain testimony).

## C.   The ALJ's Finding that Plaintiff Could Perform Her Past Relevant Work was Supported by Substantial Evidence.

At this fourth step of the analysis, the burden falls upon the Plaintiff to prove that she cannot perform her prior work either as she actually performed

9

1   it or as generally performed in the national economy.  Carmickle v. Comm'r of

2   Soc. Sec. Admin., 533 F.3d 1155, 1166 (9th Cir. 2008).

3       The ALJ concluded that Plaintiff could perform her past relevant work

4   as an accounting clerk or security dispatcher, because those jobs do not require

5   work-related activities precluded by Plaintiff's RFC.  AR 23.  The ALJ relied

6   on the testimony of a VE who testified that accounting clerk was Dictionary of

7   Occupational Titles ("DOT") code 216.487-010[4] and security dispatcher was

8   DOT code 372.167-010.  AR 53, 55.  When the ALJ asked the VE if a

9   hypothetical person with Plaintiff's RFC could perform these jobs, the VE

10  answered yes.  AR 58-59.

11      Plaintiff contends that the ALJ was required to "line up all of the

12  requirements of the past relevant work on one side, and counterpoise those

13  requirements against [Plaintiff's] limitations."  Dkt. 19 at 8-9, citing 20 C.F.R.

14  § 404.1520.  According to Plaintiff, the ALJ not only failed to do this, but also

15  failed to develop the record adequately concerning the demands of Plaintiff's

16  past relevant work, such that the required analysis could not be performed with

17  the current record.  Id. at 10.

18      The Commissioner points out that the ALJ is entitled to rely on the

19  claimant's testimony to define the claimant's past relevant work as performed,

20  or the DOT as the source for how a job is generally performed, citing Pinto v.

21  Massanari, 249 F.3d 840, 845 (9th Cir. 2001).  Dkt. 20 at 7.  Here, the DOT

22  documents the demands of both of Plaintiff's prior positions as an accounting

23  clerk and security dispatcher as those jobs are generally performed.  See DOT

24  No. 216.482-010 at WL 1991 671933[5]; DOT No. 372.167-010 at WL 1991

---

26  [4] In his opinion, the ALJ incorrectly cited the DOT code for accounting
    clerk as 217.487-010.  AR 23.  In fact, the correct DOT code is 216.482-010.

28  [5] "Exerting up to 10 pounds of force occasionally (Occasionally: activity

10

673083.[6]  Comparing the listed exertional demands with Plaintiff's RFC, one can determine that nothing in these job descriptions is inconsistent with Plaintiff's RFC.

Plaintiff again asserts that she cannot do her past jobs because her pain would cause excessive absenteeism.  Dkt. 19 at 10.  But the ALJ was not required to perform a function-by-function analysis for impairments that the ALJ already determined were not credible.  Bayliss, 427 F.3d at 1217 (ALJ properly relied on VE testimony in response to hypothetical that contained all of the limitations the ALJ found credible); Thomas, 278 F.3d at 956 (finding VE testimony reliable when hypothetical posed included all claimant's functional limitations as determined by ALJ).

Thus, the ALJ was entitled to rely on the VE's testimony in finding that Plaintiff was capable of performing her past relevant work.  Plaintiff did not

---

or condition exists up to 1/3 of the time) and/or a negligible amount of force frequently (Frequently: activity or condition exists from 1/3 to 2/3 of the time) to lift, carry, push, pull, or otherwise move objects, including the human body. Sedentary work involves sitting most of the time, but may involve walking or standing for brief periods of time.  Jobs are sedentary if walking and standing are required only occasionally and all other sedentary criteria are met."

[6] "Exerting up to 20 pounds of force occasionally (Occasionally: activity or condition exists up to 1/3 of the time) and/or up to 10 pounds of force frequently (Frequently: activity or condition exists from 1/3 to 2/3 of the time) and/or a negligible amount of force constantly (Constantly: activity or condition exists 2/3 or more of the time) to move objects.  Physical demand requirements are in excess of those for Sedentary Work.  Even though the weight lifted may be only a negligible amount, a job should be rated Light Work: (1) when it requires walking or standing to a significant degree; or (2) when it requires sitting most of the time but entails pushing and/or pulling of arm or leg controls; and/or (3) when the job requires working at a production rate pace entailing the constant pushing and/or pulling of materials even though the weight of those materials is negligible."

carry her burden to show otherwise.  Villa v. Heckler, 797 F.2d 794, 798 (9th Cir. 1986) (noting claimant's "burden of proving an inability to return to [her] former type of work and not just to [her] former job").

## IV.

## CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is AFFIRMED and the action is DISMISSED with prejudice.


Dated: January 12, 2016

_____
KAREN E. SCOTT
United States Magistrate Judge

12